JOSEPH P. FRANKLIN & others *v.* JOHN WELLS.

Upon an application to a fence-viewer of a town, under the 8th section of chap. 91, of the Revised Statutes, to settle a controversy about the rights of occupants of land in partition fences, and their obligation to maintain the same, all that the fence-viewer can do is, after due notice, to determine the rights of the respective parties, by assigning to each his share of the fence, and to direct the time within which each shall erect or repair the same; and he cannot, upon such application and notice, proceed to mulct either party for neglecting or refusing to obey his order.

To warrant the proceedings under the 5th section of the same statute, it is necessary that there should be a complaint to the fence-viewer of the neglect or refusal by an occupant to rebuild or repair his share of a partition fence, and a determination by the fence-viewer, after due notice to the party complained against, that the complaint is true, and an assignment of a time within which the neglecting party may perform his duty; and

Franklin & others *v.* Wells.

although no notice is, in terms, required by the statute to be given to the delinquent occupant, when, under the provisions of the 6th section, the fence-viewer proceeds to ascertain the cost to the complainant of rebuilding or repairing the fence, yet such notice is required by the principles of natural justice, and the judgment and certificate of the fence-viewer will be void without it.

THIS was an action of the case, originally brought before a justice of the peace, to recover the sum of $39.54, with interest thereon at the rate of twelve per cent. per annum, under ch. 91, sect. 6, of the Revised Statutes, for double the cost of repairing a partition fence, and of the fence-viewer's fees, which fence had been ordered to be repaired by the defendant by a fence-viewer of the town of East Greenwich.

The case came by appeal to the court of common pleas for the county of Kent, and at the August term of said court, 1859, was tried before Mr. Justice *Shearman,* with a jury. At the trial, the plaintiffs produced, in maintenance of the action, the following certificate of Caleb W. Gorton, a fence-viewer of the town of East Greenwich : —

" *East Greenwich,* Oct. 17, 1857.

" The undersigned, one of the fence-viewers in and for the town of East Greenwich, hereby certifies : that upon the application of Joseph P. Franklin and wife, and Almira Vaughn of said East Greenwich, to view and divide the partition fence between the lands of the applicants and John Wells, lying in said East Greenwich, I did, after due notice to each party, on the 21st day of August, 1857, view the same, and assign to each party the half part thereof which they should build, and did in writing require said Franklin and Almira Vaughn and John Wells to build their portion of said fence so assigned to them, within fifteen days thereafter ; and such order having been complied with by said Franklin and Vaughn, and not complied with by said Wells, I did order said Franklin and Vaughn to build the half part of said partition fence belonging to said Wells to build ; and said Franklin and wife and Almira Vaughn having completed said last mentioned half part of said partition fence to my satisfaction, I have ascertained the cost thereof to be as follows : —

Franklin & others *v.* Wells.

| | |
|---|---:|
| One hundred and sixty-five rails, . . . . . | $9.90 |
| One hundred and six stakes, . . . . . | 2.12 |
| Carting same, . . . . . . . . | 2.50 |
| Building said fence, two and a half days, . . . | 2.50 |
| My fees, . . . . . . . . . | 1.50 |
| Paid for recording, . . . . . . . | .20 |
| Time and expense to village, . . . . . | .80 |
| Certificate to Franklin, . . . . . . . | .25 |
| | $19.77 |
| | 2 |
| Double, . . . . . . . . . | $39.54 |

(Signed)

CALEB W. GORTON, Fence-Viewer."

In addition to this certificate, the plaintiffs produced in evidence the assignment of the fence to each party, in writing, under the hand of the fence-viewer; and the fence-viewer certifying to his notice of the date of the 21st of August, 1857, the same was duly recorded in the town clerk's office of East Greenwich. He also produced the fence-viewer's certificate to leaving the same at the house of the defendant, with his wife, on the 5th day of September following; and it appeared that it was delivered to Franklin upon the day of its date. The court ruled, against the objection of the defendant and rejecting proof offered by him in contradiction of the facts, and especially of the notices stated in the certificate, that the certificate of the fence-viewer was conclusive as to all the facts stated therein, and that said certificate contained all that was necessary to support the plaintiffs' action except a statement of the demand required in the 6th sect. ch. 91 of the Revised Statutes, to which proof on both sides was received. A verdict having been rendered for the plaintiffs, the defendant now brought his exceptions to the errors of law therein, to this court.

*Peck*, for the defendant.

*Cozzens*, for the plaintiffs.

BRAYTON, J. In the case before us, the court ruled, that the certificate of the fence-viewer contained all the facts necessary to sustain the plaintiffs' action, except evidence of the demand of payment of the defendant of the damages ascertained.

The application made to the fence-viewer, as stated in his certificate, and upon which all these proceedings were had by him, was made by the plaintiffs, requesting the fence-viewer to view and divide the fence between the plaintiffs and the defendant. This was made under the 8th sect. of ch. 91, of the Revised Statutes, " Of fences." This section provides, that " when any controversy shall arise about the rights of the respective occupants in partition fences and their obligations to maintain the same, either party may apply to a fence-viewer of the town where the lands lie, who, after due notice to each party, may, in writing, assign to each his share thereof, and direct the time within which each party shall erect or repair his share of the same ; which assignment, being recorded in the town clerk's office, shall be binding upon the parties and all succeeding owners and occupants of the land ; and they shall be obliged always thereafter to maintain their respective shares of said fence, until the right of the respective parties shall be determined differently in some proper action." Upon an application under this section, which supposes the rights and liabilities of the parties to be in dispute, the authority of the fence-viewer goes no farther than to ascertain and settle these rights and liabilities, by assigning to each party his share of the partition fence. This section contemplates no further action of the fence-viewer. It is true, he may direct the time within which the parties shall build or repair the part assigned them, but this section does not authorize him to enforce a compliance with that direction. His proceeding under this section is merely to fix the obligation of the parties and the extent of it, and here it leaves the subject.

The 5th section of this chapter provides for cases where no controversy is supposed to exist about the rights of the respective occupants of the fence, but where the duty to maintain the fence is ascertained and settled, and it provides, that " When any proprietor or possessor of land shall neglect or

refuse to repair or rebuild any partition fence, or shall withdraw his fence from any division line, the aggrieved party may complain to any fence-viewer of such town ; who, after due notice to such party, shall attend and view the same ; and if he shall find said complaint to be true, he shall, in writing, require the delinquent party to repair or rebuild the same within such time as he shall therein appoint, not exceeding fifteen days."

To authorize any proceeding by the fence-viewer, either to compel the party to build or repair, or to mulct him in damages for neglect, there must be a complaint that he has neglected or refused to build or repair the partition fence ; and upon that complaint, not upon some other, notice must be given to the party complained against that such complaint has been made, and of the time appointed by the fence-viewer to view the fence ; and having given such notice, the fence-viewer must adjudge the complaint so made to be true ; and if he find it to be true, he is to assign a time within which the party may still perform his duty by building.

The sixth section provides, that if this order be not complied with, and the party still neglects, the complainant may rebuild or repair, and shall do it to the satisfaction of the fence-viewer, who is to judge whether it is properly built. If satisfied upon this point, he is required to ascertain the cost of building, together with his own fees, and to give a certificate thereof to the complainant. No notice is, in terms, required to be given the delinquent party to be present, or to be heard upon the assessment of these damages against him ; but upon a similar statute in Massachusetts, and one from which this was probably copied, it has been held, that the precepts of natural justice require such notice, and that such notice is necessarily implied. *Scott* v. *Dickinson*, 14 Pick. 276 ; *Lamb* v. *Wicks*, 11 Metc. 496. Having adjudged then, upon notice to the delinquent party, what the cost of rebuilding has been, and having given to the complainant the certificate of the amount so adjudged, the complainant is authorized, but not until these several judgments upon notice have been made, to demand of the defendant the amount adjudged, and upon refusal by him to pay, to maintain a suit therefor.

Franklin & others *v.* Wells.

Now it does not appear from the certificate of the fence-viewer, that any complaint was made by the plaintiffs that the defendant had neglected or refused to repair the division fence ; nor does it appear therefrom that any notice was given to the defendant that any such complaint was made against him,— or that the fence-viewer intended to view the fence, at any time, in order to determine if he had refused or neglected to build or repair, — nor has the fence-viewer certified that he found any complaint against the defendant to be true, much less a complaint that he had neglected and refused to build the partition fence. Neither does it appear, that before proceeding to ascertain the cost of the fence built by the plaintiffs, that he gave any notice to the defendant that he might be heard in the assessment of damages. If any one of these requisites be wanting, the plaintiffs cannot maintain their action, even though a regular demand were made upon the defendant, and on a day to which there could be no objection. With these omissions of facts necessary to the support of the plaintiffs' action, apparent from the certificate of the fence-viewer, it was an error in the court to rule that it contained all that was necessary to support it ; and for this cause there must be a new trial. Whether it was competent for the defendant, by evidence, to contradict the certificate in its statement that notice was given the defendant of the application to view and divide the partition fence, it is not necessary now to consider ; because, if such notice had been given, the plaintiffs could not recover. Neither is it material to determine, whether the demand made by the plaintiffs upon the defendant was, or was not, legally made ; since there was nothing legally adjudicated which they could of right demand.